UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM P. ATWATER,

                Plaintiff,

v.                                          **DECISION AND ORDER**
                                                       10-CV-420S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

      1. Plaintiff William P. Atwater challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled due to osteoarthritis in his right shoulder and hips and lower back, as well as degenerative disc and ankle disease since October 11, 2002. (R. at 245.)[1] Plaintiff contends that his impairments render him unable to work. He therefore asserts that he is entitled to disability benefits under the Act.

      2. Plaintiff filed an application for disability insurance benefits on October 31, 2002. (R. at 226-27.) Plaintiff's application was initially denied on January 24, 2003 (R. at 78-81), prompting Plaintiff to request a hearing before an ALJ (R. at 82). ALJ Robert T. Harvey conducted a hearing on September 30, 2003. (R. at 870-895.) The ALJ issued a written decision denying Plaintiff's claim on February 20, 2004. (R. at 111-21.) That decision was vacated and remanded by the Appeals Council on November 10, 2004. (R. at 134-37.) ALJ Harvey conducted a second hearing on March 2, 2005 (R. at 896-918) and a supplemental hearing on March 29, 2005 (R. at 919-954.) The ALJ issued a second

---

[1] Citations to the underlying administrative record are designated as "R."

1

decision on April 19, 2005, again denying Plaintiff's claim. (R. at 67-73.) This decision was vacated by the Appeals Council on June 21, 2006, and remanded for consideration by ALJ Marilyn D. Zahm. (R. at 198-201.) ALJ Zahm held a third hearing on June 14, 2007 (R. at 797-867), and issued the third decision in this matter, denying Plaintiff's claim, on January 25, 2008. (R. at 18-34.) This time, on March 19, 2010, the Appeals Council declined to review the decision. (R. at 10-12.) Plaintiff filed this action challenging Defendant's final decision on May 18, 2010.[2]

3. The parties subsequently filed Motions for Judgment on the Pleadings.[3] After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on April 15, 2011. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the

---

[2] The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

[3] Defendant filed its Motion for Judgment on the Pleadings on January 31, 2011. (Docket No. 10.) Plaintiff followed suit on March 25, 2011. (Docket No. 12.)

Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix

> 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.  Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.  In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since October 11, 2002 (R. at 23); (2) Plaintiff's "right ankle disorder, degenerative joint disease and osteoarthritis involving his back, hips and right shoulder, and carpal tunnel syndrome" constitute "severe" impairments within the meaning of the Act (R. at 23); (3) Plaintiff's impairments or a combination of impairments do not meet the criteria necessary for finding

a disabling impairment under the regulations (R. at 23); (4) Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with certain limitations (R. at 23-32);[4] and (5) Plaintiff has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (R. at 33-34).  Ultimately, the ALJ concluded that Plaintiff was not under a disability as defined by the Act from October 11, 2002, through January 25, 2008, the date of the ALJ's decision.  (R. at 34.)

      10.    Plaintiff advances four challenges to the ALJ's decision.  First, Plaintiff argues that the ALJ erred by failing to give adequate weight to the opinions of Plaintiff's treating physician Dr. Mythili Srikrishnan.  (Pl.'s Mem., Docket No. 13, pp. 14-19.)[5]  Dr. Srikrishnan's assessment of March 1, 2005 opines that Plaintiff's RFC was below a sedentary level.  (R. at 547.)  Plaintiff argues that the ALJ improperly discounted Dr. Srikrishnan's opinion in favor of her own medical opinions.  (Pl.'s Mem., pp. 17-19.)

An ALJ must give controlling weight to a treating physician's opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Carter, 221 F.3d 126, 134 (2d Cir. 2000).  Even if a treating physician's opinion is not given controlling weight, an ALJ may give it "extra weight"

---

[4]Plaintiff could not engage in frequent bending, could only occasionally reach with his dominant shoulder, and could not engage in constant handling or fingering.  (R. at 24.)

[5]Plaintiff includes the Veteran's Administration as one of his treating sources.  However, because that source is also the basis of Plaintiff's second challenge, arguments relating to it will be discussed in the following numbered paragraph.

if appropriate. To determine whether such weight is to be accorded a non-controlling treating physician's opinion, the ALJ should consider: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (4) consistency, (5) specialization of the treating physician, and (6), other factors that are brought to the attention of the court. See Roman v. Barnhart, No. 03-Civ.0075(RCC) (AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

Applying these principles to the ALJ's treatment of Dr. Srikrishnan, this Court finds no error in the ALJ's decision to give no weight to Dr. Srikrishnan's opinion. Dr. Srikrishnan submitted a residual functional capacity evaluation. (R. at 743.) This consisted of a single page stating that Plaintiff could carry zero pounds frequently, stand and/or walk for less than two hours per day, sit for less than six hours per day, and change his position from sitting to standing every ten minutes, among other impairments. The ALJ properly determined that this evaluation was not supported by objective medical evidence because the paper did not detail how the stated conclusions had been arrived at or what techniques had been employed in their formation. The ALJ did provide Dr. Srikrishnan the opportunity to clarify his diagnosis. Recontacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of record. 20 C.F.R. § 404.1512(e). ALJ Zahm sent Dr. Srikrishnan a detailed set of interrogatories requesting information on what diagnostic tests had been conducted and what objective signs led to Dr. Srikrishnan's diagnosis. (R. at 732-42.) In particular, the ALJ inquired into how Dr. Srikrishnan made his determination as to each of Plaintiff's impairments. (R. at 733.) Dr. Srikrishnan answered none of these questions and instead provided the very same document that had led the ALJ to request further information. (R. at 32.)

6

In addition, the ALJ properly found Dr. Srikrishnan's limited diagnosis inconsistent with the record as a whole. Dr. Srikrishnan's opinion was incompatible with the reports of consultative examiners Dr. Christine Jolland and Dr. Thomas Daly. ALJs are entitled to rely upon the opinions of state agency medical consultants, as they are qualified experts in the field of Social Security disability. See 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(f)(2), 416.912(b)(6), 416.913(c), and 416.927(f)(2). Contrary to Dr. Srikrishnan's diagnosis, these physicians found Plaintiff to suffer only moderate limitations in heavy lifting and prolonged standing, including several other limitations such as being unable to engage in rapid movement of the right foot, or activities involving manual repetitive function. (See R. at 436, 540.)

Moreover, although the opinions of these consultative examiners were less recent than that of Dr. Srikrishnan, their opinions corresponded to the record evidence, including Plaintiff's daily activities. The less consistent an opinion is with the record as a whole, the less weight it is to be given. See 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4). Dr. Srikrishnan's one-page evaluation represented that Plaintiff was exceedingly burdened by limitations in what he could lift or carry, and the duration for which he could not sit or stand. Despite these impediments, Plaintiff fished once per week, played nine-holes of golf two to three times per week, and hunted. (See R. at 803-06.) Although each of these activities took place under various constraints, whether resorting to a golf cart or being driven to the deer stand, they more closely match the physical capabilities described by Doctors Jolland and Daly, than those described by Dr. Srikrishnan.

Consequently, this Court finds that the ALJ afforded proper weight to the medical opinions contained in the record. The ALJ is solely responsible for weighing the medical evidence and resolving material conflicts. See Richardson, 402 U.S. at 399. Dr.

Srikrishnan's opinion was not supported by objective medical evidence and did not reflect Plaintiff's daily activities. In light of the foregoing, Plaintiff's first challenge is rejected.

11. Plaintiff's second challenge is that the ALJ failed to properly consider the Veteran Administration's ("VA") decision that Plaintiff was disabled. (Pl.'s Mem., pp.19-20.) The VA found Plaintiff unable to secure a substantially gainful occupation as a result of service-connected disability. (R. at 483.) While conceding that the ALJ was not required to give controlling weight to the determination of another government agency, Plaintiff contends that the ALJ disregarded the VA's determination on erroneous grounds. Specifically, the ALJ relied on a ratings decision from seven years prior to the alleged onset of disability. The ALJ also allegedly believed, erroneously, that the VA's decision was based exclusively on a letter from Plaintiff's former employer concerning Plaintiff's termination.

"[W]hile the determination of another governmental agency that a social security disability benefits claimant is disabled is not binding on the Secretary, it is entitled to some weight and should be considered." Hankerson v. Harris, 636 F.2d 893, 897 (2d Cir. 1980); see also 20 C.F.R. § 404.1504. The VA's rating decision is considered along with oral testimony and medical evidence as "another item to be placed on the evidentiary scale." Machia v. Astrue, No. 2:08-CV-103, 2009 WL 3806326, at *9 (D. Vt. Nov. 16, 2009). The Commissioner should explain what consideration was given to the VA's decision. See SSR 06-03p, 2006 WL 2329939, at *7 (S.S.A. Aug. 9, 2006).

Here, the ALJ clearly reviewed the VA's findings. The ALJ tracked the VA's disability status designation from 1995, when Plaintiff was determined to be 30%-40% disabled, to December 19, 2002 when the VA found Plaintiff's disabilities had rendered him unemployable. (R. at 28.) However, the ALJ also found that the VA's decision was based

on a letter from Plaintiff's employer that Plaintiff was being released from employment to resolve service-connected medical injuries. (R. at 484.) Plaintiff's termination, in turn, was based on his inability to lift in excess of ten pounds. (R. at 382.) Although Plaintiff argues that the ALJ misunderstood the VA's decision, which Plaintiff argues was based on more than merely his employer's letter, that letter was listed by the VA under the heading "REASONS FOR DECISION." (R. at 485.) The VA granted unemployability status because Plaintiff was unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, a fact supported by the employer's letter. (R. at 485.) Although that decision may have been based "upon extensive orthopedic medical documentation," (Pl.'s Mem. p.16), the ALJ was permitted to interpret the letter as one basis for the VA's decision, and modify the consideration she gave it accordingly. The ALJ having committed no error in so doing, Plaintiff's second challenge is also rejected.

12.    Plaintiff's third challenge is that the ALJ erred in finding that Plaintiff had transferable skills from his past relevant work. (Pl.'s Mem. pp. 20-22.) Plaintiff contends that to qualify as a "skill" a Plaintiff must possess knowledge of a work activity requiring the exercise of significant judgment beyond simple job duties and acquired through an occupation above the unskilled level. Plaintiff asserts that the skills identified by the ALJ do not meet this standard. Plaintiff also argues that, having reached the age of 50, he now should qualify under 20 C.F.R. § 404.1563(d) as an individual "closely approaching advanced age" and be found disabled pursuant to Medical-Vocational Rule 201.14.

Where a plaintiff was employed in semi-skilled or skilled work the Commissioner must determine whether the plaintiff possesses skills transferable to new employment. Decker v. Harris, 647 F.2d 291, 295 (2d Cir. 1981). SSR-82-41(2)(d) discusses the position of "semiskilled general office clerk (administrative clerk)" and describes it as

"spend[ing] considerable time doing, typing, filing, tabulating and posting data in record books, preparing invoices and statements, operating adding and calculating machines, etc." SSR-82-41(2)(d), 1982 WL 31389 (S.S.A. 1982).  The section goes on to state that these "clerical skills may be readily transferable to such semiskilled sedentary occupations as typist, clerk-typist and insurance auditing control clerk." Id.

Here, the ALJ identified Plaintiff as having, as a result of his past work as an administrative clerk and administrative assistant, the ability to answer the phone, answer questions, provide information, direct people, and maintain records.  As per SSR-82-41(2)(d), these skills are transferable.  That these skills were identified by the vocational expert does not constitute error.  Bavaro v. Astrue, No. 08-CV-0404, 2010 WL 1438089, at *5 (W.D.N.Y. Apr. 8, 2010) (finding that ALJ properly relied on vocational expert's testimony as to Plaintiff's transferable skills).  Further, the fact that Plaintiff turned 50 years old would only necessitate a different result if Plaintiff lacked transferable skills.  20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.14.  Accordingly, this challenge is rejected.

13.   Plaintiff's fourth challenge is that the ALJ's credibility determination was not supported by substantial evidence.  (Pl.'s Mem. pp. 23-24.)  Plaintiff argues that the ALJ improperly based her credibility determination on the fact that he sought VA benefits.  Plaintiff further argues that the ALJ disregarded his extensive work record.

Credibility determinations are generally reserved for the Commissioner, not the reviewing court.  Aponte v. Sec'y of Health & Human Servs., 728 F.2d 588, 591 (2d Cir. 1984).  However, the ALJ's determinations "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  SSR- 96-

7p, 1996 WL 374186 (S.S.A. July 2, 1996). "A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983) (citing Singletary v. Sec'y of Health, Educ. & Welfare, 623 F.2d 217, 219 (2d Cir. 1980)); see also Maggio v. Heckler, 588 F. Supp. 1243, 1246 (W.D.N.Y. 1984); Patterson v. Chater, 978 F. Supp. 514, 519 (S.D.N.Y. 1997); Nelson v. Barnhart, No. 01 Civ. 3671, 2003 WL 1872711, at *7 (S.D.N.Y. April 10, 2003). This is because a claimant with an established history of employment is unlikely to be "feigning disability." Patterson, 978 F. Supp. at 519. However, evidence of a long work record is only one of the factors to be considered in assessing a plaintiff's credibility. Wavercak v. Astrue, 420 Fed. Appx. 91, 94 (2d Cir. 2011) (quoting Schaal v. Apfel, 134 F.3d 496, 502 (2d Cir. 1998)).

In the present case, the ALJ clearly did consider Plaintiff's work history. The ALJ noted that Plaintiff left, what the ALJ termed, a "strenuous" job as a truck driver in 2002. (R. at 25.) It is further obvious that the ALJ considered the length of Plaintiff's work history, discussing the various skills he acquired through them. Even if the ALJ did not explicitly cite Plaintiff's work history in her credibility analysis, such an omission does not require remand where the credibility assessment is supported by substantial evidence. See Messina v. Astrue, No. 09 Civ. 2509, 2009 WL 4930811, at *7 (S.D.N.Y. Dec. 21, 2009); Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability."). Here, the ALJ considered the fact that Plaintiff went to the VA after being released from his job as truck driver on account of a lifting restriction. The ALJ also

devoted extensive consideration to the Plaintiff's daily activities, already discussed. The fact that Plaintiff continually sought rating increases in his disability status despite only marginal worsening of his impairments was also considered. (R. at 27-28.) Various other events also weighed on Plaintiff's credibility. He claimed to make use of a cane, but failed to have it at his hearing. (R. at 28.) Although protesting of severe discomfort, he did not always seek treatment for his impairments. He did not, for example, get injections for his carpal tunnel syndrome. (R. at 30.) The fact that Plaintiff did not require pain medication and sought limited treatment demonstrates that his symptoms were under control. (R. at 31.) In consideration of this evidence, the ALJ's credibility assessment was clearly supported by substantial evidence, and it was no error to find "claimant's complaints of pain and limitation [] out of proportion to the objective findings and the nature and extent of treatment [Plaintiff] has sought and received." (R. at 31.)[6]

14. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the

---

[6]Plaintiff has also argued that the ALJ should have considered his military service record as part of her credibility assessment. (Pl.'s Mem. pp. 23-24.) A claimant's military record is typically not given weight beyond that conferred by the claimant's work history. See Thompson v. Astrue, Civil Action No. 09-519, 2010 WL 3661530, at *4 (W.D. Pa. Sept. 20, 2010) (not specifically addressing plaintiff's contention that ALJ should consider his military service); Baughman v. Astrue, Civil Action No. 08-850, 2009 WL 2634193, at *4-*5 (W.D. Pa. Aug. 26, 2009). Plaintiff's military history is but one of many factors to consider. See Dean v. Astrue, Civil Action No. 07-881-CV-W-JCE-SSA, 2009 WL 612144, at *3 (W.D. Mo. Mar. 9, 2009) ("The extent and duration of plaintiff's military service also bolsters the credibility of her testimony."). In the present case, other factors guided the ALJ to find Plaintiff's complaints not credible. Because, as discussed above, this determination was supported by substantial evidence remand is unnecessary. See McCartney v. Comm'r of Soc. Sec., Civil Action No. 07-1572, 2009 WL 1323578, at *19 (W.D. Pa. May 8, 2009) ("[T]he ALJ's credibility determination is supported by substantial evidence . . . . [a]ccordingly, the Court finds that the ALJ did not err in failing to specifically discuss Plaintiff's military service and 20 plus years work history in making his credibility assessment of Plaintiff.").

Act.  Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated:   December 30, 2011
         Buffalo, New York

                                               /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                                    Chief Judge
                                             United States District Court